UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE RAY PEAVY,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-236-RLM-MGG

WELL PATH, et al.,

    Defendants.

OPINION AND ORDER

Willie Ray Peavy, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Peavy alleges that, on March 12, 2023, he awoke coughing and couldn't breathe. He pressed the speaker in his cell and told Officer Burrows that he was having trouble breathing and needed to see medical. A short time later, Officer Burrows notified him that there would be a charge if Nurse Kaila came to see him. As the minutes passed, it became harder to breathe and Mr. Peavy pressed the speaker again. This time he told Officer Vance about his problem, and Officer Vance

mocked him. Mr. Peavy soon passed out and hit his head on the bunk. He came to with Officer Burrows, Nurse Kaila, and another nurse trying to wake him, and Officer Vance calling his name over the speaker. Mr. Peavy later learned that mace had been sprayed in the area due to another inmate being disobedient. He also learned that Nurse Kaila didn't treat his complaint as an emergency; she took time to pass out medications to other inmates before attending to him.

Mr. Peavy's rights as a pretrial detainee arise under the Fourteenth Amendment. Miranda v. Cnty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons," Tucker v. Randall, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted), but they are entitled to adequate medical care. Miranda v. Lake County, 900 F.3d at 353-354. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." Gonzalez v. McHenry Cnty., 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." Mays v. Dart, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it's not enough for the plaintiff "to show negligence or gross

2

negligence." Miranda v. Lake County, 900 F.3d at 353-354. Further factual development might show that Officer Burrows, Officer Vance, and Nurse Daily acted reasonably under the circumstances, Mr. Peavy has pleaded facts from which it could be plausibly inferred that their responses to his medical need on March 12, 2023, was objectively unreasonable.

Mr. Peavy also named Warden Olmstead and William J. Redman as defendants, but he doesn't mention them in the complaint. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Peavy doesn't allege that Warden Olmstead or William J. Redman were personally involved, so he can't proceed against them.

Mr. Peavy also sued St. Joseph County Police. A county cannot be held liable for the actions of a sheriff or a sheriff's department. *See* Carver v. Crawford, 564 N.E.2d 330, 334 (Ind. App. 1990); Argondona v. Lake Cty. Sheriff's Dep't, No. 2:06-CV-259, 2007 WL 518799, at *3 (N.D. Ind. Feb. 13, 2007). A municipal entity such as a Sheriff's Department can be sued for a policy, practice, or custom, Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), but this complaint alleges nothing more than a single, unfortunate event. The amended complaint doesn't state a claim against either the county or the Sheriff's Department.

Finally, Mr. Peavy sued Wellpath (sued as Well Path). However, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008). Because Mr. Peavy's allegations against Wellpath are based only on what he says were poor decisions that its staff made in connection with his care, he can't proceed against Wellpath.

For these reasons, the court:

(1) GRANTS Willie Ray Peavy leave to proceed against Officer Burrows, Officer Vance, and Nurse Kaila in their individual capacities for monetary damages for failing to address his severe medical needs in an objectively reasonable manner on March 12, 2023, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Olmsted, William J. Redman, St. Joseph County Police, and Well Path;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Kaila at Wellpath with a copy of this order and the complaint (ECF 1);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Burrows and Officer Vance at the St. Joseph County Sheriff's Department, with a copy of this order and the complaint (ECF 1);

4

(6) ORDERS Wellpath and the St. Joseph County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Burrows, Officer Vance, and Nurse Kaila to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 15, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT